

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

Signed October 5, 2006                                                           United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| THE HERITAGE ORGANIZATION, L.L.C., | § | CASE NO. 04-35574-BJH-11 |
| Debtor. | § | |
| DENNIS FAULKNER, TRUSTEE, | § | |
| Plaintiff, | § | ADV. PRO. NO. 06-3377-BJH |
| - against - | § | |
| GARY M. KORNMAN, et al., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Trustee's Motion to Compel and for Turnover and Brief in Support (the "Motion"). The Motion is opposed by defendants Gary M. Kornman, GMK Corp., GMK

Family Holdings, L.L.C., Ettman Family Trust I and The Oak Group, L.P. (collectively, the "Kornman Entities") and, to a limited extent, by defendants Robert H. Kroney and Kroney-Mincey, Inc. (a lawyer and his firm, collectively referred to as "Kroney"). In the Motion, the Trustee seeks production and turn over of fifteen documents by Kroney, which are identified on a log provided to the Trustee by Kroney.[1] *See Aff. Of David Bryant in Supp. of Trustee's Mot. to Compel and for Turnover*, Ex. 7 (the "Log").

The Court heard the Motion on September 6, 2006, following which the Court ordered Kroney to turn over documents identified on the Log as documents 1-4, 6-10, 12, 14 and 15. The Court took the Motion under advisement with respect to documents identified on the Log as documents 5, 11 and 13. The Court has core jurisdiction over the Motion in accordance with 28 U.S.C. §§ 1334 and 157(b). This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law to the extent they are required.

**Background Facts**

The Heritage Organization, L.L.C. (the "Debtor" or "Heritage") commenced this bankruptcy case (the "Case") on May 17, 2004 by filing its voluntary petition under Chapter 11 of the United States Bankruptcy Code. On August 13, 2004, the Court entered an order directing the appointment of a Chapter 11 trustee. On August 16, 2004, the U.S. Trustee appointed Dennis S. Faulkner as the Chapter 11 trustee (the "Trustee"), which appointment was confirmed by order entered on August

---

[1] The procedural context in which this dispute arises is peculiar at best. Ordinarily, a motion for turnover of property of the estate under 11 U.S.C. § 542 would be filed in the main bankruptcy case, and not in an adversary proceeding, where Part VII of the Federal Rules of Bankruptcy Procedure governs. Issues regarding turnover under 11 U.S.C. § 542 can arise in an adversary proceeding, but typically do so when the plaintiff's complaint pleads a cause of action for turnover, which is not the case here. However, no party has raised this issue and it would elevate form over substance to decline to address the merits of the Motion because it was filed in the wrong place.

**Memorandum Opinion and Order** Page 2

18, 2004.

On May 16, 2006, the Trustee commenced the above-captioned adversary proceeding by filing a complaint (the "Complaint") against 31 defendants, most of whom are affiliated in some manner with Gary M. Kornman ("Kornman"), the former chief executive officer and president of the manager of the Debtor. As is relevant here, Count 18 of the Complaint broadly alleges that the Debtor hired Kroney and paid for its legal services, but Kroney breached its duties to its client (the Debtor) by assisting Kornman in the formation of a new corporation to continue the Debtor's operations and to receive the Debtor's diverted assets, all while avoiding the Debtor's creditors and leaving the Debtor unable to pay its debts. The Complaint also alleges that Kroney assisted Kornman and others in their breach of fiduciary duties owed to the Debtor and its creditors.

After several exchanges of correspondence relating to Kroney's representation of the Debtor, and after the Trustee conducted a Rule 2004 examination of Kroney in the main Case in which document production was sought and obtained, on May 23, 2006, the Trustee wrote to Kroney stating that "all of the files in all of the matters in which you and your law firm represented [Heritage] (and/or related entities or persons at [Heritage's] expense) belong to [Heritage] and/or are subject to turnover to the Trustee under Section 542 of the Bankruptcy Code," and requesting turnover of the entire file. In response to that letter, Kroney produced many documents (which supplemented its production pursuant to the Rule 2004 subpoena). Kroney also responded, however, that

> [Heritage][and therefore, the Trustee] does not control privilege over documents that were created in the course of the Kroney Defendants' representation of entities or individuals other than [Heritage]. Accordingly, we are withholding documents that may be subject to the privilege claims of Gary Kornman and/or non-[Heritage] Kornman-related entities, subject to their waiver of any applicable privilege. Enclosed is a log of these documents.

The Motion seeks production of the fifteen documents listed on the Log. The Log assigns each document withheld from production a number, and identifies the document by number of pages and date. It also provides a brief description of the document and a column which indicates the "Entities/Individuals Potentially Controlling Privilege." As noted earlier, the Court has previously ruled with respect to all of the documents except documents 5, 11 and 13 (the "Documents"). With respect to the Documents, the Log provides:

| Doc # | Pages | Date | Entities/Individuals Potentially Controlling Privilege | Description |
|---|---|---|---|---|
| 5 | 59 | 7/–/04 | GMK Corp. | Draft Limited Partnership Agreement of The Oak Group, L.P. prepared by Mark E. Bennett, Esq. |
| 11 | 106 | –/–/04 | Eagle View Mgt., L.L.C. | Draft blank form Employment Agreement |
| 13 | 32 | 8/5/98 | GMK Family Holdings, L.L.C. | Draft Operating Agreement of GMK Family Holdings, L.L.C., a Delaware Limited Liability Co. |

The Documents have been provided to the Court for *in camera* inspection.

**The Parties' Arguments**

The Trustee argues that the entire contents of client files are property of the client under Texas law, and therefore all of Kroney's legal files with respect to work it did for Heritage are property of Heritage's estate pursuant to 11 U.S.C. § 541 and are subject to turnover under 11 U.S.C. § 542. The Trustee argues that all of the Documents were part of the Heritage client files maintained by Kroney; that Kroney invoiced Heritage for its work and that Heritage paid those invoices.

As to any potential claim of privilege, the Trustee points out that the Log lists persons who

may "potentially" claim a privilege, but does not actually state that any privilege is claimed or identify which privilege might be at issue. The Trustee correctly asserts that the burden of proof is on the party claiming a privilege to establish its existence, and argues that a privilege cannot exist in this instance because the Documents were part of the Heritage client files maintained by Kroney; Kroney invoiced Heritage for its work and Heritage paid for its services, and Kroney testified at his deposition that he could not recall ever being paid by Heritage for any work done on behalf of Kornman in his individual, as opposed to his corporate, capacity.

In response, Kroney points out that Section 542 of the Bankruptcy Code does not permit turnover of property of entities other than the Debtor and under Texas law, an attorney is only obligated to turn over his *client's* files to his client. When Kroney searched its files in response to the Trustee's demand for turnover, Kroney identified certain documents which, on their face, appeared to belong to entities or persons other than Heritage. Kroney tried to secure Kornman's consent to turn over the Documents, but Kornman would not consent until Korman reviewed the Documents. Kroney then sought permission from the Trustee to show the Documents to Kornman, but the Trustee took the position that in the event that the Documents were, in fact, Heritage's documents, that the Trustee would not agree to hold Kroney harmless from any disclosure of Heritage's privileged information to Kornman. Thus, Kroney has been in the unfortunate position of not being able to reveal the documents to *anyone* without fear of violating its professional obligations or inadvertently disclosing privileged information. Essentially, Kroney does not take a position as to the merits of the completing claims to privilege, but cannot show the Documents to any party without fear of violating *someone's* privilege.

## Analysis

Despite the parties' arguments and submissions about their relative rights to assert an attorney-client privilege respecting the Documents, the Court concludes that the resolution of this dispute is largely irrelevant to a resolution of the Motion. Instead, from the Court's perspective, the Court must address and resolve two issues. First, whether the Documents are property of the estate. If so, then the Trustee holds the attorney-client privilege on behalf of the Debtor and has waived it, and the Documents must be turned over to the Trustee pursuant to Section 542(a). If the Documents are not property of the estate, then there exists no basis under Section 542(a) for their turnover.

The second issue before the Court is whether the Documents, even if not property of the estate, "relate to the debtor's property or financial affairs," *see* 11 U.S.C. § 542(e), and, if so, the Court may order turnover "subject to any applicable privilege." *Id*. As one court has noted, the Bankruptcy Code

> creates a 'two-part scheme for turnover of property of the estate and other information related to the debtor's property or financial affairs." Section 542(a) requires anyone holding property of the estate to deliver it to the trustee. Section 542(e) allows the Court to order "an attorney, accountant or other person that holds recorded information . . . relating to the debtor's property or financial affairs to turn over such information to the trustee. Although an action for turnover under Section 542(a) requires that the information requested be property of the estate, there is no such requirement in Section 542(e). Therefore, whether the Attorney Files constitute property of the estate is irrelevant to the Court's determination of whether turnover is proper under Section 542(e).

*American Metrocomm Corp. v. Duane Morris & Heckscher, L.L.P. (In re American Metrocomm Corp.)*, 274 B.R. 641, 652 (Bankr. D. Del. 2002) (internal citations omitted). Section 542(e) is "directed to persons holding recorded information that is not property of the estate but is otherwise relevant to the debtor's property or financial affairs." *In re Blinder, Robinson & Co.*, 140 B.R. 790, 793 (D. Colo. 1992). Therefore, on the facts here, the assertion of an attorney-client privilege is relevant, if at all, solely to turnover under Section 542(e).

Turning to the first issue – *i.e.*, whether the Documents are property of the estate – the Court notes that in an action to compel turnover of property of the estate under Section 542(a), the Trustee has the initial burden of proving that the property at issue is property of the estate under Section 541. *Blinder*, 140 B.R. at 793; *see also In re Himes*, 179 B.R. 279 (Bankr. E.D. Okla. 1995); *see also In re Williams*, 61 B.R. 567 (Bankr. N.D. Tex. 1986) (placing burden on Chapter 11 debtor-in-possession).

Robert Kroney testified at the hearing on the Motion that neither he nor anyone in his firm prepared the Documents in the course of the firm's representation of Heritage.[2] Mr. Kroney further testified that he has no idea how or why the Documents came to be in Kroney's possession. Moreover, as to Document 5, Mr. Kroney testified that neither he nor his firm provided any legal services to anyone with respect to that document. In addition, Mr. Kroney testified that he was not even sure that the Documents were in the client file he maintained for Heritage, as opposed to any other Kornman entity:

> Q: At your law firm . . . did you maintain some files in connection with your representation of Heritage?
> A: Yes.
> Q: And were all 15 of these documents that are listed on the privilege log within those Heritage client files?
> A: I can't answer that. I delivered all of my files that related to both Heritage and any other related Kornman entities to [Hughes and Luce] so I can't answer that accurately. All my files were delivered.

The Trustee, in a post-hearing letter, argues that "there is strong evidence that [Document] 5 was part of the Heritage client files maintained by Mr. Kroney and his firm and therefor is property

---

[2] Accordingly, the Trustee's assertion that Heritage paid for all of the legal services which Kroney rendered does not prove that the Documents belong to Heritage, as Robert Kroney clearly testified that neither he nor his firm rendered legal services with respect to the Documents.

**Memorandum Opinion and Order** **Page 7**

of the Heritage estate." *See Letter of David Bryant, Esq.*, dated Sept. 7, 2006, p. 2. In support, the Trustee points to the following: (i) Document 5 is described on the Log as relating to The Oak Group, L.P.; (ii) Robert Kroney testified that he did legal work for Heritage in connection with Documents 7, 8 and 9, which also relate to an Oak Group entity; and (iii) a June 3, 2004 invoice from Kroney to Heritage (which Heritage paid) describes services provided to Heritage as "The Oak Group – Preparation of the Articles of Incorporation, Bylaws, Consent in Lieu of Organizational Meeting, Statement of Close Corporation, Review Close Corporation Filing Requirements; Review Sub-S Restrictions with two stocks." However, the Court is unpersuaded by these arguments because Document 5 clearly relates to an entity structured as a limited partnership, while Documents 7, 8, 9 and the invoice refer to an entity structured as a corporation. The Trustee failed to establish any connection between the limited partnership and the corporation, other than the similarity in name.

Similarly, the Trustee argues that Document 13, described as an Operating Agreement of GMK Family Holdings, LLC dated in 1998, is property of the estate because a June 3, 2004 invoice from Kroney to Heritage states that Kroney prepared, in 2004, a GMK Family Holdings Assignment of Interest and Consent to Appointment of New Manager, and performed research respecting manager removal and appointment. In light of Robert Kroney's testimony that neither he nor his firm prepared Document 13 in the course of the firm's representation of Heritage, the Court does not view the 2004 invoice as establishing that Kroney did legal services for Heritage related to GMK Family Holdings, LLC in 1998.

Lastly, the Trustee argues that Document 11 must be property of the estate because (i) Kroney listed the Document on the Log in response to a request for their Heritage client files, (ii) Kroney was active in "providing services to Heritage related to planning for a transition of Heritage

assets and services to 'NEWCO,' and it is logical to think that a blank form Employment Agreement would be used in that connection," and (iii) a blank form Employment Agreement "could hardly be privileged." *See Letter of David Bryant, Esq.*, dated Sept. 7, 2006, p. 3. The Court disagrees, for several reasons. First, the Trustee's demand for turnover clearly went beyond merely asking for Heritage's client files, and Robert Kroney testified that more than just Heritage client files were searched and turned over to Kroney's counsel for potential production to the Trustee. Second, the Court has reviewed Document 11 and it does not appear on its face to be an agreement to which Heritage or its alleged successor entity is a party, and the Court is unable to make the leap of logic the Trustee invites. Lastly, the Court does not believe that it need address whether a form agreement can be privileged in connection with a Section 542(a) analysis.

For the foregoing reasons, the Court does not believe that the Trustee has made an initial showing that Documents 5, 11, and 13, which Kroney testified were not prepared in the course of its representation of Heritage, are property of the estate. Therefore, they are not subject to turnover under Section 542(a).

As noted earlier, however, documents which are not property of the estate may still be subject to turnover under Section 542(e) if they relate to the debtor's property or financial affairs, subject to any claim of privilege. The attorney client privilege is "the oldest of the privileges for confidential communications known to the common law. Its central purpose is to encourage full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice." *Willy v. Administrative Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005). However, since the attorney-client privilege has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its

purpose. *U.S. v. Robinson*, 121 F.3d 971 (5th Cir. 1997).

The burden of proof to establish the existence of the attorney-client privilege rests on the party asserting the privilege. *In re Sante Fe Intern. Corp.*, 272 F.3d 705 (5th Cir. 2001); *U.S. v. Kelly*, 569 F.2d 928 (5th Cir. 1978). The party asserting the privilege also bears the burden of establishing that the privilege has not been waived. *Variable Annuity Life Ins. Co. v. Penco, Inc.*, No. Civ. A.H. 052763, 2006 WL 581522 (S.D. Tex. March 7, 2006); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467 (N.D. Tex. 2005).

The Fifth Circuit has held that the attorney-client privilege applies only if:

(1) the asserted holder of the privilege is or sought to become a client;
(2) the person to whom the communication was made
    (a) is a member of the bar of a court, or his subordinate and
    (b) in connection with this communication is acting as a lawyer;
(3) the communication relates to a fact of which the attorney was informed
    (a) by his client
    (b) without the presence of strangers
    (c) for the purpose of securing primarily either
        (i) an opinion on law or
        (ii) legal services or
        (iii) assistance in some legal proceeding, and not
    (d) for the purpose of committing a crime or tort; and
(4) the privilege has been
    (a) claimed and
    (b) not waived by the client.

*United States v. Kelly* 569 F.2d 928 (5th Cir. 1978); *Blum v. Spectrum Restaurant Group-Employees Group Life & Supplemental Life Plan*, 2003 WL 367059 (E.D. Tex 2003) (unpublished disposition).

Although the Court has been unable to locate a single case so holding, the language of Section 542(e) suggests that the Trustee must carry an initial burden to establish that the Documents "relat[e] . . . to the debtor's property or financial affairs." If the Trustee satisfies his initial burden, then the party asserting a privilege must establish each of its elements, as set forth above.

**Memorandum Opinion and Order**     **Page 10**

Here, the Court concludes that the Trustee has not satisfied his initial burden with respect to Documents 5 and 11. First, the Debtor is not a party to either of the Documents, and Mr. Kroney testified that he did not prepare them on the Debtor's behalf. Moreover, the Trustee has not provided any evidence whatsoever about the relationship between the Debtor on the one hand and The Oak Group, L.P. and Eagle View Capital Management, L.L.C. on the other.

With respect to Document 13, described on the Log as "Draft Operating Agreement of GMK Family Holdings, L.L.C., a Delaware Limited Liability Co.," the Court notes that it has previously found, in connection with other proceedings, that GMK Family Holdings, L.L.C. is the Debtor's managing member.[3] The "word 'relates' is highly general" and is given a "broad common-sense meaning" in many contexts. *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 38 (1996) (interpreting the McCarran-Ferguson Act). The Court believes that it should be read broadly in Section 542(e) for several reasons. First, the Supreme Court has held that vesting the power to assert a corporate-debtor's privilege in the corporation's trustee in bankruptcy would further the Bankruptcy Code's goal of empowering the trustee to uncover insider fraud and recover misappropriated corporate assets. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 353-4 (1985). Second, the intent of Section 542(e) is to eliminate the leverage of professionals granted by state law lien provisions to withhold information necessary to administer the estate. *In re Hechinger Invest. Co. of Delaware*, 285 B.R. 601 (D. Del. 2001). In light of the paramount policy at play, *i.e.*, that of providing the Trustee with information necessary to administer the estate and to recover misappropriated assets, the Court believes that the phrase "relating to the debtor's property

---

[3] *See Memorandum Opinion and Order* entered Jan. 6, 2006, in Adv. Pro. No. 04-3338-BJH, p. 4.

**Memorandum Opinion and Order** **Page 11**

or financial affairs" should be broadly interpreted, and the Court thus finds that Document 13 relates to the Debtor's property or financial affairs within the meaning of Section 542(e) and thus is required to be turned over or disclosed, subject to any applicable claim of privilege.

As noted earlier, the burden is on the party asserting a privilege to establish its existence. No party in this adversary proceeding has even clearly asserted a privilege, much less provided evidence of its existence.[4] Accordingly, Document 13 shall be turned over to the Trustee pursuant to Section 542(e).

**SO ORDERED**.

### End of Order ###

---

[4] The Kornman Entities' opposition to the Motion merely states that "without the opportunity to review the subject documents, counsel and the Defendants joining in this opposition cannot determine whether those documents are privileged, whether they are part of Heritage's client files, or whether the owners of any privilege might consent to the disclosure of such documents to the Trustee." *Opp. of Gary M. Kornman, GMK Corp., GMK Family Holdings, L.L.C., Ettman Family Trust I and the Oak Group, L.P. to Trustee's Mot. to Compel and for Turnover against Kroney Defs. And Brief in Supp.*, ¶ 3. The Court notes that if any of the Documents were in fact prepared by Kroney for any of these opposing defendants, the defendants would presumably have copies of the Documents in *their* files for review, or would at least have sufficient knowledge of the contents of the Documents to assert a privilege.