David Bryant
State Bar No. 03281500
Everett New
State Bar No. 24046518
COX SMITH MATTHEWS INCORPORATED
1201 Elm Street, Suite 3300
Dallas, Texas 75270
(214) 698-7800
(214) 698-7899 (Fax)

Deborah D. Williamson
State Bar No. 21617500
Mark J. Barrera
State Bar No. 24050258
COX SMITH MATTHEWS INCORPORATED
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205-1521
(210) 554-5500
(210) 226-8395 (Fax)

ATTORNEYS FOR PLAINTIFF DENNIS S. FAULKNER, TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>THE HERITAGE ORGANIZATION, LLC.<br><br>DENNIS S. FAULKNER, TRUSTEE,<br><br>Plaintiff,<br><br>-against-<br><br>GARY M. KORNMAN et al.<br><br>Defendants. | §§§§§§§§§§§§§§§§§ Chapter 11<br><br>Case No. 04-35574-BJH-11<br><br>Adversary Pro. No. 06-03377 |

## RESPONSE TO DEFENDANT VICKIE WALKER'S EMERGENCY OBJECTION TO ACCEPTANCE OF OFFER OF JUDGMENT AND REQUEST FOR EMERGENCY HEARING

Plaintiff Dennis S. Faulkner, Trustee (the "Trustee") duly appointed to act as Trustee of the Heritage Creditor Trust pursuant to the plan of reorganization confirmed by order of the Court in the above referenced case (the "Heritage Case"), hereby serves and files this Response to Defendant Vickie Walker's Emergency Objection to Acceptance of Offer of Judgment and Request for Emergency Hearing, and states as follows:

1. On December 18, 2008, more than ten days prior to the trial of this action,

Defendant Vickie Walker ("Walker") served on the Trustee a formal "Rule 68 Offer of Judgment." The Rule 68 Offer of Judgment was transmitted by counsel of record for Walker "Via E-Mail, Facsimile, and First Class United States Mail". The Rule 68 Offer of Judgment specified the ten-day period for acceptance provided in Rule 68:

> If this offer of judgment is not accepted within ten (10) business days as provided for in Rule 68, Walker will seek costs and attorney's fees in defending this action from this day forth.

2. Within a couple of hours after making this Rule 68 Offer of Judgment, Walker apparently changed her mind, or someone changed it for her. Counsel for Walker sent a letter purporting to revoke the Rule 68 Offer of Judgment, and apologizing to the Trustee.

3. However, a Rule 68 Offer of Judgment is fundamentally different from an ordinary offer of settlement, and is not subject to revocation just because a party changes his or her mind. *See Ramming v. Natural Gas Pipeline Co. of America*, 390 F.3d 366, 370 (5th Cir. 2004), *citing* 12 Wright & Miller, Federal Practice and Procedure § 3004 (1997). The Trustee advised counsel for Walker that the Rule 68 Offer of Judgment was irrevocable on Monday, December 22, 2008. The Trustee then served and filed his Notice of Acceptance of Offer of Judgment and Request for Entry of Judgment in accordance with Rule 68.

4. As Walker acknowledges in her objection, the Court of Appeals for the Fifth Circuit has recognized that "[g]enerally, a Rule 68 offer is considered irrevocable during [the] 10 day period" provided by Rule 68 for Plaintiff to consider and accept the offer. *Ramming, supra,* 390 F.3d at 370. In so holding, the Fifth Circuit reached the same conclusion as the overwhelming majority of courts. E.g., *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 764-65 (D.C. Cir. 1995); *Perkins v. U.S. West Commc'ns*, 138 F.3d 336 (8th Cir. 1998); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 n.6 (8th Cir. 1988); *Webb v. James*, 147 F.3d 617 (7th Cir.

1998); *Paris v. Ford Motor Company*, 2007 WL 4969148 (D.N.M. 2007); *Pope v. Li'l Abner's Corp.*, 92 F.Supp.2d 1327 (S.D. Fla. 2000).

5. As noted by Wright & Miller, *supra*, the irrevocability of Rule 68 Offers of Judgment has <u>always</u> been the intent of Rule 68: "At the time the rules were promulgated, one of the drafters thus opined that Rule 68 offers could not be withdrawn once served." This 10-day period of irrevocability is necessitated by the pressure an offer of judgment places on the plaintiff:

> Rule 68 sets forth a rather finely tuned procedure; unlike a normal contract offer, an offer of judgment under the Rule imposes certain consequences that can be costly for the plaintiff who declines the offer. The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely failure of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10-day option).

*Richardson*, 49 F.3d at 764-65. If read otherwise, a defendant could use the potential revocation of an offer of judgment to "engage in tactical pressuring maneuvers." *Id.*

6. When a Rule 68 Offer of Judgment is made and accepted, as in this case, the Fifth Circuit has made it clear that the Court has a very limited role:

> If the plaintiff accepts the offer, either party may file the offer and acceptance with the clerk and the clerk *shall* then enter judgment. FED.R.CIV.P. 68. The court generally has no discretion whether or not to enter the judgment. A Rule 68 Offer of Judgment is usually considered to be self-executing.

*Ramming, supra* (emphasis in original). The Fifth Circuit stated that the trial court has authority to review an offer of judgment only in "certain limited circumstances" – in a class action or in a case seeking injunctive relief. *Id.* "Outside of those limited circumstances, a court must enter a judgment accepted by the parties." *Id.*

7.  Defendant Walker does not deny making the formal Rule 68 Offer of Judgment to the Trustee. Walker does not deny that the Trustee has timely accepted the Rule 68 Offer of Judgment in accordance with that Rule. Her argument relies on the Fourth Circuit opinion in *Colonial Penn Insurance Co.*, which allows a revocation of an offer of judgment in "exceptional factual situations," such as fraud. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1240 (4th Cir. 1989) ("[T]here are exceptional factual situations that may properly merit revocation of offers made pursuant to Rule 68.").

8.  However, not only has the Fifth Circuit *not* adopted this "exceptional factual situations" doctrine, but Walker has not even asserted – much less proven – any factual circumstances that could fit within such a narrow exception to the general rule that Rule 68 Offers of Judgment are irrevocable for the ten-day period specified in the Rule. Walker apparently changed her mind about what was in her interests. Her attempted revocation was invalid, and of no legal effect.

9.  Accordingly, the Clerk of the Court now has a ministerial duty to enter judgment on the offer of judgment as accepted by the Trustee. FED. R. CIV. P. 68; *Ramming*, 390 F.3d 366, 370 (stating that a court "generally has no discretion whether or not to enter the judgment" once an accepted offer is filed with the clerk because Rule 68 expressly provides that the clerk of the court "shall enter judgment"). This interpretation of the Rule is universal. *See, e.g., Parental Guide of Tex., Inc. v. Thomson, Inc.*, 446 F.3d 1265, 1270, (Fed. Cir. 2006) (finding that "the entry of judgment is generally a ministerial act and can be performed by the clerk without any input from the court or a jury.") (citation omitted); *Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991); *Webb v. James*, 147 F.3d 617 (7th Cir. 1998); *Perkins v. U.S. West Communs.*, 138 F.3d 336 (8th Cir. 1998).

10. Thus, in accordance with Rule 68, the law, and the interests of judicial economy, this Court should overrule Walker's objection and perform the ministerial task of entering judgment in accordance with the Rule 68 Offer of Judgment made by Walker and accepted and filed by the Trustee.

WHEREFORE, for all the reasons stated above, the Trustee respectfully requests that the Court overrule Walker's Emergency Objection to Acceptance of Offer of Judgment and Request for Emergency Hearing and grant the Trustee such other or further relief to which he may be entitled.

Dated December 22, 2008.                Respectfully submitted,

COX SMITH MATTHEWS INCORPORATED
David Bryant
State Bar No. 03281500
Everett New
State Bar No. 24046518
1201 Elm Street, Suite 3300
Dallas, Texas 75270
Tel: (214) 698-7800
Fax: (214) 698-7899

COX SMITH MATTHEWS INCORPORATED
Deborah D. Williamson
State Bar No. 21617500
Mark J. Barrera
State Bar No. 24050258
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205-1521
(210) 554-5500
(210) 226-8395 (Fax)

By: /s David Bryant
**ATTORNEYS FOR PLAINTIFF DENNIS S. FAULKNER, TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2008, a true and correct copy of the foregoing document was served via electronic mail to the parties listed below:

Bryan J. Wick
Brant C. Martin
Jodie A. Slater
Kerry Peterson
WICK PHILLIPS, LLP
2100 Ross Avenue, Suite 950
Dallas, Texas 75201
Email: bryan.wick@wickphillips.com
brant.martin@wickphillips.com
jodie.slater@wickphillips.com
kerry.peterson@wickphillips.com


Brian P. Lauten
Sawicki & Lauten, L.L.P.
4040 N. Central Expressway, Suite 850
Dallas, Texas 75204
Email: blauten@sawickilauten.com

J. Robert Forshey
Matthew G. Maben
Suzanne K. "Suki" Rosen
Forshey & Prostok, L.L.P.
777 Main Street, Suite 1290
Fort Worth, Texas 76102
Email: bforshey@forsheyprostok.com
mmaben@forsheyprostok.com
srosen@forsheyprostok.com

/s/ David Bryant
David Bryant