Case 06-03377-bjh Doc 862 Filed 02/14/12    Entered 02/14/12 17:05:54    Page 1 of 4

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed February 14, 2012**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| THE HERITAGE ORGANIZATION, L.L.C., | § | CASE NO. 04-35574-BJH-11 |
| | § | |
| Debtor. | § | |
| | § | |
| DENNIS FAULKNER, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | ADV. PRO. NO. 06-3377-BJH |
| - against - | § | |
| | § | |
| GARY M. KORNMAN, et al., | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is the "Emergency Motion and Request to Certify Certain of the Court's Orders for Immediate Appeal to the Fifth Circuit and Brief in Support Thereof" (the "Motion") filed by Gary M. Kornman, Steadfast Investments, L.P., GMK Family Holdings, L.L.C., Steadfast, L.P., Strategic Leasing, L.P., Executive Aircraft Management, L.L.C., Tikchik Investment Partnership,

**Memorandum Opinion and Order**

L.P., Executive Air Crews, L.L.C., Financial Marketing Services, Inc., Heritage Properties, L.L.C., Heritage Organization Agency, Inc., Valiant Leasing, L.L.C. and Vehicle Leasing, L.L.C. (collectively, the "Defendants").[1] The Defendants request an order certifying for immediate appeal to the United States Court of Appeals for the Fifth Circuit two prior orders of this Court: (1) the Court's "Memorandum Opinion and Order Denying Motion to Vacate" entered on October 3, 2011, and (2) the Court's "Memorandum Opinion and Order" entered on January 18, 2012. The Motion asserts that

> [p]ursuant to 28 U.S.C. § 158(d)(2)(A), this Court has the authority to certify the foregoing Orders for immediate appeal to the United States Court of Appeals for the Fifth Circuit if any of three circumstances exist. As described in paragraphs 4 and 5 below, the Defendants submit that one or more of those circumstances exists in the case *sub judice*.

*Motion*, p. 2. The Motion is opposed by Dennis Faulkner, the trustee ("Trustee") of a creditor trust established under the Second Amended Joint Plan of Liquidation of The Heritage Organization, L.L.C. ("Heritage") that was confirmed on September 12, 2007.[2] The Trustee asserts that none of the grounds set forth in the direct appeal statute, 28 U.S.C. § 158(d)(2), exist in this adversary proceeding.[3]

The Court need not address whether the grounds set forth in Section 158(d)(2) exist because

---

[1] The Motion lists these various entities and defines them as the "Defendants." It does not appear that an entity titled "Steadfast, L.P." is a named defendant; Ettman Family Trust I is a named defendant and a judgment debtor by virtue of this Court's "Final Judgment" entered on July 13, 2009, and the Court assumes that the omission of Ettman Family Trust I from the list of moving defendants is a typographical error.

[2] The Motion was scheduled to be heard on February 8, 2012, in accordance with the Court's standard procedures. However, the Court did not hear oral argument because the parties agreed to (i) waive oral argument and (ii) submit the Motion to the Court for determination on the basis of the papers. If the parties had not waived oral argument, the Court would have raised the problem identified in this Memorandum Opinion with movants' counsel at the hearing.

[3] The Trustee also argues that as to the Memorandum Opinion and Order entered on October 3, 2011 the Motion is untimely.

**Memorandum Opinion and Order**

there is a much more fundamental problem with the Motion – the Court concludes, for the reasons briefly set forth below, that the statute upon which it relies is simply inapplicable here.

Section 158(d)(2) was enacted as part of the sweeping overhaul of the Bankruptcy Code in 2005 known as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *Drive Financial Services, L.P. v. Jordan*, 521 F.3d 343 (5th Cir. 2008). Its purpose is to provide for direct review by the court of appeals of a bankruptcy court order in a case where the bankruptcy court or district court certifies that there is no controlling Supreme Court or circuit court decision, the case involves a matter of public importance, there are conflicting precedents, or an immediate appeal would materially advance the bankruptcy case. *Id*.

BAPCPA Section 1501 provides:

(a) Effective Date – Except as otherwise provided in this Act, this Act and the amendments made by this Act shall take effect 180 days after the date of enactment of this Act.
(b) Application of Amendments – Except as otherwise provided in this Act and paragraph (2) [containing several exceptions, none of which are applicable here], the amendments made by this Act shall not apply with respect to cases commenced under title 11, United States Code, before the effective date of this Act.

BAPCPA, Pub. L. No. 109-8, § 1501, 119 Stat. 23, 216 (2005). The effective date of BAPCPA was October 17, 2005. *In re McKinney*, 457 F.3d 623 (7th Cir. 2006). A voluntary case under a chapter of title 11 is "commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 310(a); *Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011) ("The case is commenced, and the estate created, when the bankruptcy petition is filed").

Here, Heritage filed its voluntary petition for relief under chapter 11 on May 17, 2004, thereby commencing its case under title 11, well prior to BAPCPA's effective date of October 17,

2005. Several courts have held that 28 U.S.C. § 152(d)(2) does not apply retroactively to bankruptcy cases filed before the effective date of that provision. *McKinney*, 457 F.3d at 624 ("the presumption that a procedural change is to be applied retroactively falls away when the statute making the change specifies that the statute shall not apply to pending cases, as the new bankruptcy law does") (internal citations omitted); *In re Berman*, 344 B.R. 612 (9th Cir. B.A.P. 2006) (*per curiam*); *In re Ryan*, 380 B.R. 275 (Bankr. S.D. Fla. 2007); *In re Roberts*, No. 05-43073, 2007 WL 2462636 (Bankr. S.D. Ga. Aug. 27, 2007); *In re Waczewski,* No. 6:06-BK-00620-KSJ, 2006 WL 1594141 (Bankr. M.D. Fla. May 5, 2006) *see also In re Harrison*, No. 07-32645(1)(7), 2008 WL 782577 (Bankr. W.D. Ky. Mar. 19, 2008). It is true that in most of these cases, the order for which a direct appeal was sought was entered in the main bankruptcy case, and not in an adversary proceeding. Here, the orders for which the Defendants seek direct review by the Fifth Circuit were entered in an adversary proceeding – which was filed on May 16, 2006, well *after* BAPCPA's effective date. However, in light of the substantial case law holding that 28 U.S.C. § 158(d)(2) is not to be applied retroactively, the Court agrees with the lone decision which appears to have addressed this precise issue: *In re Ryan*, 380 B.R. 275 (Bankr. S.D. Fla. 2007). In that case, the bankruptcy judge held that "[a]lthough this adversary proceeding was filed in 2006, the *case* in which it arises . . . was filed . . . well before BAPCPA's effective date of October 17, 2005. I therefore conclude that I am powerless to authorize a direct appeal to the Court of appeals under § 158(d)(2)."

For this reason alone, the Motion is DENIED.

# # # END OF MEMORANDUM OPINION AND ORDER # # #